STATE

v.

**John BRUSKIE.**

**No. 86–429–C.A.**

Supreme Court of Rhode Island.

Jan. 21, 1988.

William Reilly, Public Defender, Barbara Hurst, Paula Rosin, Asst. Public Defenders, for Bruskie.

James E. O'Neil, Atty. Gen., Jane M. McSoley, Thomas Dickinson, Asst. Attys. Gen., for State.

## OPINION

MURRAY, Justice.

The defendant, John Bruskie, appeals from a judgment of conviction of driving under the influence of intoxicating liquor, death resulting, in violation of G.L. 1956 (1982 Reenactment) § 31–27–2.2, as amended by P.L. 1983, ch. 43, § 1. The defendant assigns as errors (1) the trial court's denial of the defendant's objection to the opinion testimony of two police officers and (2) the trial court's admission into evidence the results of a blood-alcohol test given him at South County Hospital. We affirm the conviction.

In the early morning hours of October 27, 1984, defendant's Volkswagen Karmen Ghia sportscar with two passengers smashed against a tree in Hope Valley, Rhode Island. One passenger, eighteen-year-old Kim Quigley, was seriously injured and later died. The other passenger, Leo Bruskie, defendant's brother, sustained serious injuries. The defendant was injured, though not so seriously.

The Rhode Island State Police reported to the scene, and Trooper Robert Powers testified that the force of the impact had pinned the occupants in the car. As Trooper Powers extricated the operator, John Bruskie, from the car, he observed beer cans and detected a strong odor of alcohol coming from the car. He also noticed a strong odor of alcohol on the operator's breath. In addition Trooper Powers stated that the operator, who was identified as defendant, was staggering and acting in a belligerent manner. The defendant was directed to sit in the police cruiser. The Trooper summoned the Jaws of Life to

extricate Kim Quigley and Leo Bruskie from the car.

Trooper Powers testified that defendant was causing a disturbance, disrupting rescue efforts. The defendant was handcuffed, read his constitutional rights, and informed that he was under arrest for operating under the influence of alcohol. The trooper read from a rights card that provides:

"You are suspected of driving while under the influence of intoxicating liquor and/or drugs. You have the right to remain silent. You do not have to answer any questions or give statements, they can and will be used against you as evidence in court. You have the right to an attorney. If you cannot afford an attorney, one will be provided for you. You have the right to be examined at your own expense immediately by a physician selected by you. You will be afforded a reasonable opportunity to exercise these rights."

Troopers Armand Bilodeau and John Ferriera arrived at the accident scene to assist Powers. The defendant was then turned over to Trooper Bilodeau, who is a breathalyzer operator. Again defendant was read his constitutional rights and was thereafter placed in the rear of the cruiser. At trial, Trooper Bilodeau testified that he observed defendant's gait to be unsteady, his breath to have a strong odor of alcohol, and his eyes to be very bloodshot and glassy. The defendant was transported to the Hope Valley State Police Barracks and advised of his rights, which included the right to make a telephone call and the right to have a doctor or any other person of his choice administer a chemical test. The defendant signed the rights form and agreed to submit to a breathalyzer test. Trooper Bilodeau administered the breathalyzer test; however, the machine malfunctioned. During the administration of the breathalyzer test, defendant claimed that he felt lightheaded. Troopers Bilodeau and Ferriera transported defendant to South County Hospital. Trooper Bilodeau testified that defendant consented to a blood test while enroute to the hospital.

The defendant signed a hospital authorization form, and Karen Venditelli, a laboratory technician, administered a blood test. One blood sample taken from defendant contained a blood-alcohol level of 0.11, and the other contained a level of 0.10. Expert testimony was presented that estimated the defendant's blood-alcohol concentration at the time of the accident to be .13, indicating that defendant was driving under the influence of alcohol.

Trooper Ferriera testified that he completed an alcohol-influence form that described defendant's demeanor as disarranged. He noted slurred speech, a strong odor of alcohol on defendant's breath, and an unsteady walk. Trooper Ferriera recalled his conversation with defendant and stated that defendant admitted that he had been drinking prior to the accident.

The defendant corroborated the trooper's testimony by admitting that he had had four beers and two shots of a drink called a brain. In addition, he stated that after leaving the bar at approximately 1:30 a.m., he agreed to drive the decedent, his brother Leo, and Diane Bears, decedent's roommate, to Narragansett, Rhode Island. The defendant testified that there was beer in his car and that he drank a beer while driving from the King of Clubs in North Kingstown to the decedent's home in Narragansett. Upon arrival the decedent went into the house to check on her infant son. Thereafter defendant, his brother, and decedent left Narragansett to drive to Connecticut. The defendant testified that decedent fell asleep and that when he turned a corner, she rolled onto him and he lost control of the car. He denied being intoxicated at the time of the accident.

On April 3, 1986, the jury returned a verdict of guilty. The trial justice denied defendant's motion for a new trial and sentenced him to seven years' imprisonment, three years suspended. The defendant raises two issues on appeal: (1) whether the trial justice erred in overruling defendant's objection to the opinion testimony of Troopers Bilodeau and Ferriera and, (2) whether the trial justice erred in finding

that defendant knowingly and willingly consented to submit to a blood-alcohol test.

## I

The trial justice overruled defendant's objection to the opinion testimony of Trooper Bilodeau and Trooper Ferriera. The defendant contends that police officers should not be permitted to express opinions relating to ultimate issues in the case when those opinions are based on facts that the jurors are capable of analyzing themselves. At trial the prosecutor engaged in a colloquy with Troopers Bilodeau and Ferriera inquiring about years of experience, training, and observations, both professionally and socially, regarding individuals under the influence of alcohol. The prosecutor then asked if each officer had an opinion "based on training and professional experience, and your own social experience, as to this defendant's condition on the night in question." Both troopers testified that in their opinion, defendant had been intoxicated. The defendant takes exception to the opinion testimony allowed into evidence by the trial justice. We do not agree with defendant's contention.

We have held that a "more progressive rule is to allow the short-hand rendition of such external appearances as intoxication by lay witnesses as long as [1] the witness has had an opportunity to observe the person and [2] to give the concrete details on which the inference or description is founded." *State v. Fogarty*, 433 A.2d 972, 976 (R.I. 1981). Applying the first part of this test, both Trooper Bilodeau and Trooper Ferriera had sufficient opportunity to observe defendant at the scene of the accident, during transportation to the barracks, in custody at the barracks, and at South County Hospital. The second requisite was met following Trooper Bilodeau's testimony that described in detail defendant's demeanor, including glassy, bloodshot eyes, unsteady gait, and a strong smell of alcohol on the breath. Moreover, Trooper Ferriera's observations were not contradictory, and his perceptions were memorialized in a detailed writing on an alcohol-influence form. He noted that defend-

ant smelled strongly of alcohol and staggered when he walked. Thus, since the requirements set forth in *Fogarty* were clearly met, we are of the opinion that the trial justice was correct in overruling defendant's objection to the opinion testimony regarding defendant's intoxication.

The defendant relies on *State v. Nicoletti*, 471 A.2d 613 (R.I. 1984), and *State v. Desmarais*, 479 A.2d 745 (R.I. 1984). The defendant's reliance on these cases and their propositions of law are misplaced. In *Nicoletti* we held that a police officer's testimony that evaluated and analyzed the accuracy of witnesses' descriptions and identification of the defendant should have been excluded. The issue centered on identification, and it was reasoned that the officer's testimony was based on facts that the jury could have independently analyzed, on which they could have drawn their own conclusions. 471 A.2d at 617. In *Desmarais* we held that undue prejudice resulted from the testimony of a police officer about the consistency of statements made by a witness. The officer's testimony was offered to assess credibility, and we held that this invaded the province of the jury. The case at bar is distinguishable because the testimony was not offered on the issue of credibility but as a description of the observations and perceptions made by the officers during the hours following the accident.

A holding to the contrary would negate the goal of legislation against drunken driving, which is to reduce the carnage occurring on our highways attributable to persons who imbibe alcohol and then drive. To accomplish this objective, the state seeks to remove from the highway drivers who by drinking become a menace to themselves and to the public. Accordingly it is our considered judgment that police officers can testify and offer an opinion concerning intoxication provided they satisfy the two-part test set forth in *Fogarty* requiring that (1) the witness has had an opportunity to observe the person and, (2) the witness can give concrete details on which the inference or description is founded. 433 A.2d at 976.

## II

The defendant next contends that the trial justice erred in finding that defendant knowingly and willingly consented to submit to a blood-alcohol test. We do not agree with defendant's contention.

 We have held that findings of fact underlying the issue of voluntariness will not be disturbed on appeal unless clearly erroneous. *State v. Timms,* 505 A.2d 1132 (R.I. 1986). The trial justice chose to base his finding on the testimony of Karen Venditelli and Trooper Bilodeau rather than on defendant's testimony. The trial justice's findings of fact are supported by the record below, and we hold that said findings were not clearly erroneous.

The defendant suffered a concussion, a broken jaw, and a ripped kidney. Consequently, he argues, the effects of his injuries rendered him incapable of deciding to submit to a blood test. He argues that he passed out in the police station and does not recall giving consent or being at the Hope Valley Barracks. The trial justice found that the defendant had been apprised of his constitutional rights on two occasions. Further, he found that the defendant had signed the chemical-rights form and had agreed to a breathalyzer test. Subsequently, while being transported to South County Hospital, the defendant verbally consented to a blood test and memorialized this consent by signing an authorization form at the hospital. In addition, Ms. Venditelli testified that as a matter of practice she would not administer a blood test to a person who did not volunteer. Relying on the testimony of Ms. Venditelli and Trooper Bilodeau, the trial justice made a finding that the defendant did consent. The trial justice pointed out that the defendant had not denied giving consent but stated that he did not recall giving consent. The trial justice clearly stated the issue to be whether the defendant consented, not whether he had a past recollection. The evidence supports the trial justice in his ruling to deny the defendant's motion to suppress the results of the blood-alcohol test.

Accordingly, the defendant's appeal is denied and dismissed, the judgment of trial court is affirmed, and the papers are remanded to the Superior Court.